```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF OKLAHOMA

DONYA R. SIMPSON,                  )
                                   )
               Plaintiff,          )
                                   )
                                   )   Case No. CIV-18-360-RAW-KEW
                                   )
COMMISSIONER OF THE SOCIAL         )
SECURITY ADMINISTRATION,           )
                                   )
               Defendant.          )
```

### REPORT AND RECOMMENDATION

Plaintiff Donya R. Simpson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. § 404.1520.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. § 404.1510. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. § 404.1521. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 52 years old at the time of the ALJ's decision. She has a high school education and worked in the past as a medical transcriptionist. Claimant alleges an inability to work beginning on February 15, 2014, due to limitations resulting from irritable bowel syndrome, carpal tunnel syndrome, depression, anxiety, post-traumatic stress disorder, alcoholism, chronic back pain, chronic rib cage pain/costochondritis, and GERD/esophageal reflux.

## Procedural History

On April 13, 2016, Claimant filed for a period of disability and disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On August 2, 2017, the

Administrative Law Judge("ALJ") Michael Mannes conducted a hearing in McAlester, Oklahoma, at which Claimant appeared. On October 23, 2017, the ALJ entered an unfavorable decision. Claimant requested review by the Appeals Council, and on September 5, 2018, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 404.981.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform light work, with limitations.

### Errors Alleged for Review

Claimant asserts the ALJ committed error by (1) failing to properly consider her subjective complaints of pain and inconsistencies regarding her statements concerning intensity, persistence, and limiting effects of symptoms; and (2) finding that there were "jobs" existing in the national economy in significant numbers at step five.

### Evaluation of Pain

In his decision, the ALJ found Claimant suffered from a spine disorder, affective disorder, anxiety disorder, and alcohol abuse disorder (Tr. 18-19). He determined Claimant could perform light

4

work with additional limitations. In so doing, the ALJ found Claimant could lift, carry, push, or pull twenty pounds occasionally and ten pounds frequently and stand, walk, or sit six hours in an eight-hour workday. Claimant could occasionally climb ramps and stairs but could never climb ladders, ropes, and scaffolds. She could occasionally reach, handle, and finger. Claimant was unlimited as to balancing, could occasionally stoop, and could frequently kneel, crouch, or crawl. She had to alternate sitting and standing every 15 to 30 minutes throughout the workday to change positions, but she could do so without leaving her workstation. Claimant could occasionally interact with supervisors, co-workers, and the general public, and she could perform simple, routine tasks and make simple work-related decisions. (Tr. 21).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative job of conveyor line bakery worker, which the ALJ found existed in sufficient numbers in the national economy. (Tr. 27-28). As a result, the ALJ concluded Claimant was not under a disability from February 15, 2014, her alleged onset date, through the date of the decision. (Tr. 28).

Claimant contends the ALJ improperly considered her complaints of pain and her statements concerning the intensity, persistence, and the limiting effects of her symptoms. She

5

contends that contrary to the ALJ's determination that her statements were not entirely consistent regarding the intensity, persistence, and limiting effects of her symptoms, the evidence shows that every physician who examined Claimant found her to be credible and did not indicate she was malingering or exaggerating her pain or symptoms. Claimant also asserts that the ALJ ignored certain deficits noted by the consulting examiner and certain findings from Claimant's treating physician.

As part of his evaluation of Claimant's pain and other symptoms, the ALJ noted the two-step process for the evaluation of symptoms set forth in Social Security Ruling 16-3p and the requirements under 20 C.F.R. § 404.1529 (Tr. 21).  He determined Claimant's medically determinable impairments could reasonably cause her alleged symptoms, but he found that Claimant's statements regarding the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence in the record.  He noted that "[a]lthough the inconsistent information provided by the [C]laimant may not be the result of a conscious intention to mislead, nevertheless the inconsistencies suggest that the information provided by the [C]laimant generally is inconsistent with the medical evidence and other evidence in the record." (Tr. 26).

In making these determinations, the ALJ summarized Claimant's testimony and the testimony from her mother in detail.  (Tr. 22).

He summarized the medical evidence, including the examination findings of consulting physician Dr. Terry L. Kilgore (Tr. 23-24, 422-28). The ALJ discussed that Claimant "had some limited range of motion and tenderness in her cervical and lumbar spine, and tenderness in her left wrist with slight loss of strength in her left hand. However, she had a normal gait, was able to get in and out of a chair and on and off an exam table with no difficulties, had no spasms in her back, had normal sensation in all extremities, and had normal appearing hands, wrists, elbows, shoulders, ankles, knees, and hips." He further noted examination findings from May of 2017 showing Claimant "had a normal gait and normal neurological and extremity findings upon examination." (Tr. 23).

The ALJ also discussed the medical source statement (referenced by Claimant in her briefing) completed by nurse practitioner Gerald Harper (Tr. 24-25, 454-57). He noted that although Mr. Harper was a nurse practitioner, who was not considered an acceptable medical source under the regulations, certain of Mr. Harper's opinions were somewhat consistent with the record as a whole as he determined Claimant was capable of lifting and carrying weight at the light exertional level with postural limitations. However, the ALJ noted little weight could be given to Mr. Harper's remaining opinions, singling out the opinion that Claimant could only stand or walk for less than two hours in an eight-hour workday. The ALJ referenced other evidence in the

record that Claimant had normal gait at several examinations, could get in and out of a chair without assistance, and could get on and off the exam table during her consultative examination. (Tr. 25).

The ALJ further discussed other medical evidence in the record as well as the third-party function report completed by Claimant's mother. He summarized evidence pertaining to Claimant's mental impairments, opinions from the state agency consultants, opinions and examination findings from Claimant's counselor, and the global assessment of functioning score contained in the record. (Tr. 23-26).

Deference must be given to an ALJ's evaluation of Claimant's pain or symptoms, unless there is an indication the ALJ misread the medical evidence as a whole. *See Casias*, 933 F.2d at 801. Any findings by the ALJ "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). The ALJ's decision "must contain specific reasons for the weight given to the [claimant's] symptoms, be consistent with and supported by the evidence, and be clearly articulated so the [claimant] and any subsequent reviewer can assess how the [ALJ] evaluated the [claimant's] symptoms." Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *10. However, an ALJ is not required to conduct a "formalistic factor-by-factor recitation of the evidence[,]" but he must set forth the specific evidence upon

which he relied. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ's evaluation of Claimant's pain or other symptoms reveals that he relied upon the appropriate factors in assessing Claimant's statements. The Court finds no error in the ALJ's assessment of Claimant's pain and other symptoms.

### Step Five Determination

Claimant also asserts that the ALJ erred in finding that "jobs" existed in significant numbers at step five of his analysis. She argues that based upon the hypothetical given to the VE by the ALJ, the VE testified there was only one job – conveyor line bakery worker – Claimant could perform and that there were approximately 30,000 such jobs in the national economy. (Tr. 75-76). Claimant insists she is not challenging whether 30,000 jobs qualifies as a "significant number" of jobs, but she asserts that the one occupation of conveyor line bakery worker does not satisfy the "jobs" requirement.

As the Commissioner points out, there is a difference between "occupations" and "jobs" with regard to the ALJ's step-five analysis of whether work exists in the national economy that a claimant can perform. Social Security Ruling 00-4p states that "[t]he DOT's occupational definitions are the result of comprehensive studies of how similar jobs are performed in different workplaces. The term 'occupation' as used in the DOT,

9

refers to the collective description of those jobs. Each occupation represents numerous jobs." 2000 WL 1898704, at *2. This is consistent with the regulation addressing work that exists in the national economy. "Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which [a claimant is] able to meet with [her] physical or mental abilities and vocational qualifications." 20 C.F.R. § 404.1566(b); *see also Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995) (citing to 20 C.F.R. § 404.1566(b) and noting that the focus is on the number of jobs and not the occupations).

Although the VE identified the occupation of conveyor line bakery worker as the only occupation Claimant could perform based upon the ALJ's hypothetical, she testified that there were 30,000 such jobs in the national economy. (Tr. 75-76). Based on the VE's testimony, the ALJ found Claimant was not disabled, as she was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Tr. 28). Accordingly, the Court finds no error by the ALJ at step five.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security

Administration should be AFFIRMED. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 10th day of January, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE